**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

Michael Tower

   v.                                          Civil No. 16-cv-324-JL

Michael Zenk, Warden,
New Hampshire State Prison

**REPORT AND RECOMMENDATION**

Before the court is New Hampshire State Prison ("NHSP") inmate Michael Tower's filing (Doc. No. 1), entitled "Motion for Injunctive Relief and Order of Release," and addenda to that filing (Doc. Nos. 3, 5, 12, 15, 18).  These filings are construed together as the complaint in this matter.  In the complaint, Tower alleges that conditions of his confinement at the NHSP have violated his federal constitutional rights and his rights under state law.  The complaint is before the court for preliminary review.  See 28 U.S.C. §§ 1915(e)(2), 1915A(a); LR 4.3(d)(1).

Also before the court is Tower's motion (Doc. No. 2) entitled "Resolvement of Action," asking the court to schedule a settlement conference in this case; and a motion (Doc. No. 14), and supplement to that motion (Doc. No. 17), seeking an order directing the NHSP to move Tower to a county house of

correction.  Tower's request for an order directing that he be moved has been referred to this magistrate judge for proposed findings of fact and a recommendation as to disposition.

## Standard of Review

In determining whether a pro se pleading states a claim, the court construes the pleading liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Disregarding any legal conclusions, the court considers whether the factual content in the pleading and inferences reasonably drawn therefrom, taken as true, state a facially plausible claim to relief.  Hernandez-Cuevas v. Taylor, 723 F.3d 91, 102-03 (1st Cir. 2013) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  The court may dismiss the complaint upon preliminary review if the pleading "fails to state a claim on which relief may be granted," or if the court lacks subject matter jurisdiction.  28 U.S.C. §§ 1915(e)(2), 1915A; LR 4.3(d)(1).

## Background

Tower is serving a one to five year sentence in the NHSP, of which he has served almost four years.  Tower's sentencing mittimus included the sentencing judge's recommendation that

Tower complete the prison's sexual offender treatment program ("SOT").

Tower's filings here indicate that the Adult Parole Board ("APB"), denied Tower parole on March 20, 2014, stating that Tower would have to complete the SOT, and obtain a favorable recommendation from the Administrative Review Committee ("ARC"), which Tower states acts as a "preparole board" and makes recommendations to the APB, to be granted parole prior to his maximum release date. On August 5, 2015, Tower, after seeking a parole hearing, was again told that he would have to complete the SOT before the parole board would grant him another hearing.

In April 2014, Tower declined to accept sex offender treatment because he wanted to get his "mental health issues" dealt with, and that at the time he declined treatment, he understood that doing so might result in having to serve his maximum sentence. Tower agreed to notify the appropriate treatment providers, in an Inmate Request Slip, when he wanted to return to treatment.

A Department of Corrections ("DOC") Classification Form Tower has filed indicates that Tower was enrolled in the SOT as of December 15, 2014. It appears, however, that Tower subsequently left the SOT prior to completing the program, as on

3

August 28, 2015, Chris Hatal, the SOT Director, sent Towers correspondence indicating that the SOT Treatment Review Committee was "offering [Tower] an opportunity to return to the SOT Treatment Pod to complete the Program," if Tower was interested.  A DOC Classification Form attached to Tower's initial filing, signed by DOC Classifications Administrator Kim Lacasse, dated December 9, 2015, however, states that Tower "refuses program" and "wants to max out."

On January 15, 2016, Tower sent an IRS to a member of the SOT staff indicating that, rather than re-entering the SOT and having to start that program over again, Tower would seek treatment in the community after serving his maximum sentence. Tower has submitted with his filings a letter from a community sexual offender treatment provider indicating that he would be accepted into that sexual offender treatment program after his release from prison.

On January 26, 2016, Tower sent another IRS to the SOT staff indicating that he cannot return to the SOT housing unit until certain inmates then in the SOT had left that unit, and that, should he return to the SOT, he would like to pick up where he left off, without having to repeat programming he completed when he was previously enrolled in the SOT.  In a

response to that IRS, an SOT administrator indicated that there was no record at the prison of Tower needing to be separated from any other inmate, and thus, it was Tower's choice not to return to the SOT while certain inmates were there.

### Tower's Claims

Tower asserts the following claims for relief in this action:

1. The defendant has violated Tower's rights under N.H. Rev. Stat. Ann. ("RSA") § 504-a, by hindering or interfering with Tower's access to the SOT.

2. The defendant has violated Tower's rights under the Due Process Clause of the Fourteenth Amendment by requiring Tower to complete the SOT prior to being considered parole eligible, while: (a) denying Tower access to the SOT prior to his minimum parole eligibility date, resulting in a denial of Tower's ability to be released on parole at his minimum parole eligibility date; and (b) hindering and interfering with Tower's ability to enter and complete the SOT, resulting in a likelihood that Tower will serve all, or nearly all, of his maximum sentence.

3. The defendant has violated Tower's rights under the Equal Protection Clause of the Fourteenth Amendment by: (a) requiring Tower, because he is a sexual offender, to complete the SOT before being considered for parole, while not categorically requiring inmates who are not sexual offenders to complete particular programming; and (b) requiring Tower, but not all sexual offenders, to obtain a positive parole recommendation from the ARC prior to being granted a parole hearing.

**Discussion**

I. <u>**N.H. Rev. Stat. Ann. § 504-a**</u>

Tower asserts that the defendant has violated his rights under RSA § 504-a, a New Hampshire statute concerning individuals who are on probation or parole supervision. Nothing in that section provides Tower with any right to any particular treatment while incarcerated, or to be paroled before the expiration of his maximum sentence. Tower has not identified any right accruing to him under RSA 504-a, or any other state law, that the defendant has violated by the acts or omissions described in Tower's filings. Accordingly, Tower has failed to state any claim for relief arising under state law.

II. **Fourteenth Amendment**

A. <u>Due Process</u>

Due process requirements apply only to the deprivation of constitutionally protected interests in life, liberty, or property. See <u>Mathews v. Eldridge</u>, 424 U.S. 319, 332 (1976). A convicted person has no constitutional right to, or liberty interest in, conditional release from incarceration, on parole or otherwise, "'before the expiration of a valid sentence.'" <u>González-Fuentes v. Molina</u>, 607 F.3d 864, 886 (1st Cir. 2010) (quoting <u>Greenholtz v. Inmates of Neb. Penal & Corr. Complex</u>,

442 U.S. 1, 7 (1979)).  A right to parole under the Fourteenth Amendment's Due Process Clause exists only if state law creates that right.  See Sandin v. Conner, 515 U.S. 472, 483-84 (1995); Hamm v. Latessa, 72 F.3d 947, 954 (1st Cir. 1995).  New Hampshire has not created a liberty interest in the opportunity to be granted parole that is protected by the Fourteenth Amendment.  See Chartier v. N.H. Dep't of Corr., No. 16-cv-127-PB, 2016 WL 3001274, at *3, 2016 U.S. Dist. LEXIS 64631, at *6 (D.N.H. Apr. 14, 2016), R&R approved, No. 16-cv-127-PB, 2016 WL 2888976, at *1, 2016 U.S. Dist. LEXIS 64635, at *1 (D.N.H. May 17, 2016).

Tower has failed to allege the violation of any right, protected by the Fourteenth Amendment, accruing to him as a result of his not being considered for or granted parole. Accordingly, he has failed to state a Fourteenth Amendment due process claim upon which relief might be granted, arising out of the denial of parole, or the opportunity to obtain parole prior to the expiration of his maximum sentence.

B.   Equal Protection

"The Fourteenth Amendment's Equal Protection Clause prohibits a state from treating similarly situated persons differently because of their classification in a particular

7

group." Mulero-Carrillo v. Román-Hernández, 790 F.3d 99, 105-06 (1st Cir.), cert. denied, 136 S. Ct. 808 (2015).

> To establish an equal protection claim, a plaintiff needs to allege facts showing that (1) the person, compared with others similarly situated, was selectively treated; and (2) that such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person.

Davis v. Coakley, 802 F.3d 128, 132-33 (1st Cir. 2015) (internal quotation marks and citations omitted); see also Hernandez v. New York, 500 U.S. 352, 360 (1991).

"Some evidence of actual disparate treatment is a 'threshold requirement' of a valid equal protection claim." Ayala-Sepúlveda v. Munic. of San Germán, 671 F.3d 24, 32 (1st Cir. 2012). To meet that requirement, Tower must "'identify and relate specific instances where persons situated similarly in all relevant aspects were treated differently,'" to show that he "'was singled out for unlawful oppression.'" Id.(emphasis in original) (citation omitted).

Tower's allegations fail to demonstrate that any prison official discriminated against him based on his membership in any particular protected class or group. Further, Tower has not shown that, to the extent he has been treated differently than any other inmate, he was similarly situated to such inmate in

8

all relevant respects.  Accordingly, Tower has failed to state a Fourteenth Amendment equal protection claim upon which relief might be granted.

### III. Motion for Resolvement of Action (Doc. No. 2)

Tower has filed a motion (Doc. No. 2) seeking a settlement conference in this case.  Because Tower has failed to state any claim upon which relief might be granted, and this action should be dismissed, the district judge should deny that motion as moot.

### IV. Request for Order (Doc. Nos. 14, 17)

Tower seeks a preliminary injunction in the form of an order directing the prison to transfer him to a county facility for his safety, and to prevent his transfer to an out-of-state prison.  To obtain a preliminary injunction, Tower must establish a likelihood of success on the merits of his underlying claims, irreparable harm in the absence of preliminary relief, a showing that the balance of equities tips in plaintiff's favor, and a showing that an injunction is in the public interest.  See Glossip v. Gross, 135 S. Ct. 2726, 2736 (2015).  "In this circuit, proving likelihood of success on the merits is the 'sine qua non' of a preliminary injunction.  '[I]f the moving party cannot demonstrate that he is likely to succeed

9

in his quest, the remaining factors become matters of idle curiosity.'"  Arborjet, Inc. v. Rainbow Treecare Sci. Advancements, Inc., 794 F.3d 168, 173 (1st Cir. 2015) (citation omitted).  The burden of proof on a motion for preliminary injunction is on the movant.  See Esso Std. Oil Co. v. Monroig-Zayas, 445 F.3d 13, 18 (1st Cir. 2006).

For the reasons discussed in this Report and Recommendation, the court finds that Tower has failed to state any claim upon which relief might be granted.  Accordingly, Tower has not met his burden to demonstrate that he is likely to succeed on the merits of the claims asserted in this case.  Tower cannot demonstrate, therefore, that he is entitled to injunctive relief, and the district judge should deny Tower's motion for a preliminary injunction (Doc. Nos. 14, 17).

## Conclusion

For the foregoing reasons, this court recommends that the district judge: dismiss the complaint (Doc. Nos. 1, 3, 5, 12, 15, 18) in its entirety for failure to state a claim upon which relief might be granted; deny the motion seeking a settlement conference (Doc. No. 2); and deny plaintiff's motion for preliminary injunctive relief (Doc. Nos. 14, 17).  Any

objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file specific written objections to the Report and Recommendation within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016); Fed. R. Civ. P. 72(b)(2).

_____
Andrea K. Johnstone
United States Magistrate Judge

December 28, 2016

cc: Michael Tower, pro se